UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

KIM E. HODGSON,

        Plaintiff,

    v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

        Defendant.

3:10-6261-ST

FINDINGS AND RECOMMENDATION

STEWART, Magistrate Judge:

## INTRODUCTION

Plaintiff, Kim Hodgson ("Hodgson"), filed this action for judicial review of a final decision of the Commissioner of Social Security denying her application for supplemental security income payments ("SSI") under Title XVI of the Social Security Act. On September 14, 2011, I issued Findings and Recommendation ("F&R") to reverse and remand the Commissioner's decision for further proceedings (docket # 20). On October 11, 2011, Judge Michael W. Mosman issued an Opinion and Order ("O&O") adopting my F&R (docket # 22) and a Judgment remanding this case for further proceedings (docket # 23).

On January 9, 2012, Hodgson filed a Motion for Fees Under the Equal Access to Justice Act ("EAJA"), 28 USC § 2412(d), in the total sum of $4,304.85 (docket # 24). The

1 - FINDINGS AND RECOMMENDATION

Commissioner objects to an award of EAJA fees on the basis that its position was substantially justified. For the reasons set forth below, Hodgson's application should be granted.

## STANDARDS

EAJA requires an award of attorney fees to prevailing parties in civil actions against the United States unless "the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 USC § 2412(d)(1)(A). The Commissioner concedes that Hodgson was the prevailing party, but contends that its position was substantially justified.

To deny an award of EAJA fees, the reviewing court must ascertain "first, whether the government was substantially justified in taking its original action; and, second, whether the government was substantially justified in defending the validity of the action in court." *Kali v. Bowen*, 854 F2d 329, 332 (9th Cir 1988). The Commissioner's failure to prevail on the merits does not raise a presumption of unreasonableness. *United States v. Marolf*, 277 F3d 1156, 1162 (9th Cir 2002), citing *Kali*, 854 F2d at 332. In opposing an EAJA fee request, the Commissioner bears the burden to establish that his positions at each stage of the proceeding were "substantially justified." *Corbin v. Apfel*, 149 F3d 1051, 1053 (9th Cir 1998).

To be "substantially justified" means "justified in substance or in the main," in other words, "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 US 552, 565 (1988) (internal citations omitted). The Supreme Court has explained that "a position can be justified even though it is not correct, and we believe it can be substantially . . . justified . . . if it has a reasonable basis in law and fact." *Id* at 566 n2. The position does not need to be "justified to a high degree." *Id* at 565. This standard is lower than the "substantial evidence" standard and is met if there is a "genuine dispute." Id.

2 - FINDINGS AND RECOMMENDATION

## **FINDINGS**

Hodgson alleged that the ALJ erred by: (1) rejecting her testimony; (2) failing to address the lay evidence; (3) failing to address the opinion of Dr. Calderone; (4) failing to develop the record regarding her mental impairments and failing to find that they were "severe" at step two; and (5) failing to meet the Commissioner's burden to prove that she retains the ability to perform "other work" in the national economy. This Court concluded that the ALJ did not err by rejecting Hodgson's testimony or by failing to discuss Dr. Calderone's opinion. However, this Court agreed with Hodgson that the ALJ erred in failing to address the lay witness testimony and to develop the record regarding her mental impairments. Finally, at step five, the Court held that the VE's testimony was without probative value due to the omission of the lay testimony. In addition, the ALJ's failure to include mental limitations in his questions to the VE may also be erroneous, depending on the development of Hodgson's mental impairments.

The Commissioner argues that its position, taken as a whole, had a reasonable basis in law and fact and involved a genuine dispute over which reasonable people could differ. Specifically he contends that Hodgson did not prove that her depression was a medically determinable impairment or demonstrate that the record was incomplete. Although Dr. Matthews diagnosed depression in a note dated July 9, 2008, the diagnosis was not based on a clinical interview, mental status examination, or psychological test. In addition, Hodgson underwent a complete psychiatric evaluation in June 2002, five years before filing her disability application, which yielded no objective evidence of psychiatric impairment.

The Commissioner's position ignores other evidence in the record suggesting that Hodgson may have a mental impairment. Although Dr. Matthews, as a pain specialist, did not perform a psychological examination, his treatment records repeatedly noted that Hodgson's

affect was flat or depressed.  Drs. Ebeid and Calderone suggested psychological counseling, and Hodgson's mother described her as "very depressed."  Because the ALJ did not discuss this evidence, this Court could not conclude that the ALJ's omission at step two was harmless.

The Commissioner also argues that he was substantially justified in defending the ALJ's omission of the Third Party Function Report completed by Hodgson's mother.  He points to: (1) the absence of any requirement in the Social Security Act, rules and regulations that the ALJ must discuss the lay witness's statements in the decision; (2) Ninth Circuit precedent holding that an ALJ did not err by omitting discussion of lay witnesses' statements; and (3) Ninth Circuit precedent holding that a regulation requiring an ALJ to consider an issue did not also require that the ALJ provide reasons concerning his resolution of the issue.  This Court rejected those arguments.  In the Ninth Circuit, an ALJ may reject lay testimony that mirrors complaints of a claimant found not credible, but must "tie the reasoning of their credibility determinations to the particular witnesses whose testimony they reject." *Valentine v. Barnhart*, 574 F3d 685, 694 (9th Cir 2009).  In addition, the Ninth Circuit has "consistently reversed the Commissioner's decisions for failure to comment on such competent [lay] testimony."  *Stout v. Commissioner*, 454 F3d 1050, 1056 (9th Cir 2005).  The ALJ's failure to properly discuss competent lay testimony favorable to the claimant cannot be considered harmless "unless [the reviewing court] can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination."  *Id*.

Finally, the Commissioner argues that his position that the residual functional capacity assessment accounted for all of Hodgson's mental functional limitations was substantially justified.  However, this Court found that it could not determine, based upon the record, whether Hodgson had mental limitations affecting her workplace abilities.  In addition, the question to the

vocational expert was inadequate by not including the statement of Hodgson's mother that Hodgson could not lift more than five pounds.

Courts have declined to find substantial justification for the Commissioner's position based on a variety of failures by the ALJ. *E.g., Cobin v. Apfel*, 149 F3d 1051, 1053 (9th Cir 1998) (failing to determine whether the claimant's testimony regarding excess pain was credible and whether a lifting restriction was temporary or permanent); *Sampson v. Charter*, 103 F3d 918, 921-22 (9th Cir 1996) (failing to make necessary inquiries of the unrepresented claimant and his mother in determining the onset date of disability and disregarding substantial evidence establishing the same); *Flores v. Shalala*, 49 F3d 562, 570, 572 (9th Cir 1995) (ignoring a medical report which contradicted the job requirements that the ALJ deemed claimant capable of performing); *Reid v. Astrue*, 2010 WL 1573790, at *3 (D Or April 15, 2010) (failing to comply with court's directive to identify evidence of any additional contradictory treating or examining physician's opinions); *Crowe v. Astrue*, 2009 WL 3157438, at *1 (ED Cal Sept. 28, 2009) (improperly rejecting treating physician opinions without providing a basis in the record). In addition, finding that the ALJ's decision was unsupported by substantial evidence is "a strong indication" that the position of the United States was not substantially justified. *Thangaraja v. Gonzales*, 428 F3d 870, 874 (9th Cir 2005). "Indeed, it will be only a 'decidedly unusual case in which there is substantial justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in the record.'" *Id*, citing *Al-Harbi v. INS*, 284 F3d 1080, 10854 (9th Cir 2002).

In contrast, substantial justification was found in *Lewis v. Barnhart*, 281 F3d 1081, 1084-86 (9th Cir 2002). In *Lewis*, the Commissioner defended an ALJ's erroneous characterization of the claimant's testimony. The Ninth Circuit found that defense was supported by a reasonable

basis in law because the ALJ must assess the claimant's testimony to define past relevant work as actually performed, as well as by a reasonable basis in fact since the record contained testimony from the claimant and a treating physician that cast doubt on the claimant's subjective testimony. The Ninth Circuit also found substantial justification in *Le v. Astrue*, 529 F3d 1200 (9th Cir 2008). In *Le*, the Commissioner argued that a particular doctor was not a treating doctor because the medical record evidence documented only five visits to him over three years. The court rejected that argument, but found it to be "nonfrivolous" under a vague regulatory standard "especially given the severity and complexity of Le's alleged mental problems." *Id* at 1201.

Here the Commissioner's position was certainly not frivolous. However, this case is dissimilar to those few unusual cases finding substantial justification. Instead, it is more similar to those cases finding no substantial justification where the ALJ's decision was unsupported by substantial evidence. Accordingly, this court concludes that the Commissioner has not sustained his burden to establish that his position was substantially justified.

The Commissioner does not object to the amount of attorney fees requested by Hodgson. However, the court has an independent obligation to ensure that the request is reasonable. The court exercises discretion in awarding fees under EAJA. *See Rodriguez v. United States*, 542 F3d 704, 709 (9th Cir 2008) (court of appeals reviews district court award of fees under EAJA for abuse of discretion); *see also Webb v. Ada County*, 195 F3d 524, 527 (9th Cir 1999) (district court possesses "considerable discretion" in determining the reasonableness of a fee award). The fee award is a combination of the number of hours reasonably worked, multiplied by a reasonable hourly rate.

Hodgson's counsel has spent 24.10 hours on this case through the end of December 2011 (3.2 hours in 2010 and 20.9 hours in 2011). As noted by Judge Mosman, "[t]here is some

6 - FINDINGS AND RECOMMENDATION

consensus among the district courts that 20-40 hours is a reasonable amount of time to spend on a social security case that does not present particular difficulty." *Harden v. Commissioner*, 497 F Supp2d 1214, 1215 (D Or 2007) (citing cases). Judge Mosman agreed that absent unusual circumstances or complexity, "this range provides an accurate framework for measuring whether the amount of time counsel spent is reasonable." *Id* at 1216. Based on this range, the number of hours spent by Thompson's counsel is reasonable.

Hodgson has correctly calculated the standard hourly rate under EAJA, adjusted for inflation. The statutory cap of $125.00 per hour is adjusted by the change in the Consumer Price Index for urban consumer ("CPI-U") using the appropriate regional category according to the following formula: 125 (current statutory rate) x (CPI-U)/(March 1996 CPI-U). *Ramon-Sepulveda v. INS*, 863 F2d 1458, 1463 n4 (9th Cir 1988). Those rates are $175.06 for 2010 and $179.l7 for 2011. Based on those rates, Hodgson is entitled to an EAJA fee award of $4,304.85.

## RECOMMENDATION

For the reasons set forth above, Hodgson's Motion for Fees Under the Equal Access to Justice Act (docket # 24) should be GRANTED in the sum of $4,304.85.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due Monday, March 05, 2012. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

///

///

///

7 - FINDINGS AND RECOMMENDATION

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED February 16, 2012.

s/ Janice M. Stewart
Janice M. Stewart
United States Magistrate Judge

8 - FINDINGS AND RECOMMENDATION